■ In the Matter of the Arbitration between ALLSTATE/IN-SURANCE COMPANY, Appellant, and BERTHA MILLER et al., Respondents.—Order of the Supreme Court, New York County (Eve Preminger, J.), entered August 2, 1990, denying and dismissing the petition to reduce the amount under an uninsured motorist policy and vacating a stay of arbitration, is hereby unanimously affirmed, with costs.

The record does not support petitioner's allegation that it was unrepresented at the time the stipulation of settlement was placed upon the record, and there is no basis to disturb the IAS court's determination that petitioner's representative consented to the reservation of respondents' rights under the uninsured motorist policy at issue herein. Also, there is no basis upon the record to determine that the settlement at issue was for bodily injury as required pursuant to the exclusionary clause relied on by petitioner. Accordingly, when the policy provisions relied upon by petitioner are construed in a light most favorable to the insured *(see, Sincoff v Liberty Mut. Fire Ins. Co.,* 11 NY2d 386), petitioner has failed to demonstrate its entitlement to the relief requested. Concur—Murphy, P. J., Milonas, Ellerin, Kupferman and Rubin, JJ.